IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| GREGORY OZUNA, ROSE M OZUNA | § | CASE NO: 04-21337 |
| Debtor(s) | § | |
| | § | CHAPTER  13 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| TITO G LIRA, VERONICA L LIRA | § | CASE NO: 05-21623 |
| Debtor(s) | § | |
| | § | CHAPTER  13 |
| | | |
| IN RE: | § | |
| CHESTER BALIR AND ROSE BLAIR | § | CASE NO: 06-20013 |
| Debtor(s) | § | |
| | § | CHAPTER  13 |
| | | |
| IN RE: | § | |
| DANNY AND MARINA WILLIAMS | § | CASE NO: 06-20012 |
| Debtor(s) | § | |
| | § | CHAPTER  13 |
| | | |
| IN RE: | § | |
| MARIA OCHOA | § | CASE NO: 05-21662 |
| Debtor(s) | § | |
| | § | CHAPTER  13 |
| | | |
| IN RE: | § | |
| GERRY AND CATHY FRANCIS | § | CASE NO: 05-21496 |
| Debtor(s) | § | |
| | § | CHAPTER  13 |
| | | |
| IN RE: | § | |
| MARTIN V. ALEMAN | § | CASE NO: 06-20008 |
| Debtor(s) | § | |
| | § | CHAPTER  13 |
| | | |
| IN RE: | § | |
| JOSE HOMERO GARCIA, JR. AND | § | CASE NO: 05-21623 |
| MELISSA GARCIA | § | |
| Debtor(s) | § | |
| | § | CHAPTER  13 |

**MEMORANDUM OPINION AND ORDER ON TRUSTEE'S MOTION FOR FURTHER
EXAMINATION OF DEBTORS' TRANSACTIONS WITH ATTORNEY UNDER
F.R.B.P. 2016 AND 11 U.S.C. §329 AND FOR IMPOSITION OF SANCTIONS UNDER
F.R.B.P. 9011 AND 11 U.S.C. §105 AND FOR FURTHER ORDERS REGARDING
DISPOSITION OF FUNDS BEING HELD BY THE TRUSTEE**

On this day came on for consideration the Amended Trustee's Expedited Motion for Further

Examination of Debtors's Transactions with Attorney under F.R.B.P. 2016 and 11 U.S.C. 329

and for Imposition of Sanctions Under F.R.B.P. 9011 and 11 U.S.C. 105 and for Further Orders

Regarding Disposition of Funds Being Held by the Trustee (the "Disgorgement Motion"). The

Court, having heard the evidence and arguments of counsel, finds as follows:

### BACKGROUND

On April 13, 2006, the Chapter 13 Trustee, Cindy Boudloche (the "Trustee") filed her

Expedited Motion to Examine Attorney Fees in seven cases. A hearing was held on the Motion

on April 24, 2006, at which time the Court ordered that the Trustee conduct an initial audit of

Mr. W.J. Sames' ("Sames") files of chapter 13 cases from September, 2005. A further hearing

was held on May 18, 2006, at which time it was determined that Sames had been overpaid in the

cases which were reviewed. The Court appointed Phil Monroe, CPA, ("Mr. Monroe") to conduct

an audit on chapter 13 cases filed by Sames from March 31, 2005, to May 1, 2006. The Court

further ordered all fees owed to Sames by the Trustee be escrowed by the Trustee pending the

outcome of the audit.

Mr. Monroe filed his Report of Court Appointed Expert (the "Report") on August 21, 2006.

Thereafter, the Trustee filed her Disgorgement Motion. A hearing was held on the Disgorgement

Motion on September 14, 2006, at which time Sames stated that he was not prepared to argue

the Disgorgement Motion. The Court reset the Disgorgment Motion and all other related matters

to September 26, 2006. On that day, the Court conducted a full evidentiary hearing.

## FINDINGS OF FACT

Mr. Monroe's report reflects that Sames filed 110 cases during the audit period. Mr. Monroe was able to review 105 of those cases. The other five were either missing or had insufficient information to make a determination about fees. Of the files reviewed, Mr. Monroe determined that 61 of the cases had discrepancies between the disclosed fees and the actual retainer and total fees collected by Sames. Mr. Monroe attempted to independently confirm the fees paid and was able to do so with some, but not all, of Sames' clients. The conclusion of the audit and additional testimony by the Trustee reflects that Sames was actually overpaid $22,963.42, and the total fees paid during the audit period was $121,091.55.

Sames' method of operation was to receive a cash retainer from his client, give them a receipt, and put a copy of the receipt into the file. Sames kept no accounting system for cash receipts, nor did he have any computer tracking of receipts. Sames regularly applied for a fixed fee from the Court but collected more that the disclosed amount from his client without court permission. Sames also regularly took retainers from clients, filed a bankruptcy petition, but failed to pay the filing fee, which resulted in case dismissal. Sames would then require a new retainer from the client for re-filing the bankruptcy.

Pursuant to the Court's order of May 11, 2006, the Trustee withheld payment of attorney fees to Sames from his chapter 13 cases for May and August, 2006, in the total amount of $6,919.60. The Trustee erroneously disbursed to Sames a total of $5,075.92, in violation of this Court's instructions. Sames was orally ordered to return the over-payment, but has not done so. Mr. Monroe's expert fees were approved in the amount of $9,809.20. Below is a description of all over-payments and total fees paid to Sames:

| Case # | Last Name | Retainer Disclosed | Actual Retainer | Fee Paid by Trustee | Total Paid | Allowed Fee | Amount Overpaid |
|---|---|---|---|---|---|---|---|
| 01-21681 | Flores | 300.00 | 1,775.00 | 1,275.00 | 3,050.00 | 1,575.00 | 1,475.00 |
| 01-22572 | Ortegon | 515.00 | 1,100.00 | 1,175.00 | 2,275.00 | 1,575.00 | 700.00 |
| 01-23288 | DeLeon | 500.00 | 750.00 | 1,075.00 | 1,825.00 | 1,575.00 | 250.00 |
| 02-20626 | Lisero | 515.00 | 1,040.00 | 1,060.00 | 2,100.00 | 1,575.00 | 525.00 |
| 02-20866 | Pena | 400.00 | 475.00 | 1,175.00 | 1,650.00 | 1,575.00 | 75.00 |
| 02-21210 | Cardwell | 700.00 | 1,265.00 | 875.00 | 2,140.00 | 1,575.00 | 565.00 |
| 02-21584 | Zendejas | 300.00 | 856.00 | 1,275.00 | 2,131.00 | 1,575.00 | 556.00 |
| 02-21772 | Mireles | 300.00 | 665.00 | 1,275.00 | 1,940.00 | 1,575.00 | 365.00 |
| 02-21955 | Rossel | 600.00 | 950.00 | 975.00 | 1,925.00 | 1,575.00 | 350.00 |
| 02-22033 | Dykema | 500.00 | 575.00 | 1,075.00 | 1,650.00 | 1,575.00 | 75.00 |
| 03-20822 | Moya | 400.00 | 735.00 | 1,175.00 | 1,910.00 | 1,575.00 | 335.00 |
| 03-21309 | Herrera | 300.00 | 650.00 | 1,275.00 | 1,925.00 | 1,275.00 | 650.00 |
| 03-21320 | Montgomery | 300.00 | 545.00 | 1,275.00 | 1,820.00 | 1,575.00 | 245.00 |
| 03-21766 | Rios | 500.00 | 1,556.00 | 1,075.00 | 2,631.00 | 1,575.00 | 1,056.00 |
| 04-20020 | Estrada | 300.00 | 1,006.00 | 1,275.00 | 2,281.00 | 1,575.00 | 706.00 |
| 04-20056 | Chavez | 300.00 | 306.00 | 1,275.00 | 1,581.00 | 1,575.00 | 6.00 |
| 04-20585 | Martinez | 300.00 | 506.00 | 1,759.00 | 2,265.75 | 2,059.75 | 206.00 |
| 04-21012 | Trevino | 300.00 | 506.00 | 2,043.00 | 2,549.00 | 2,343.00 | 206.00 |
| 04-21198 | Garza | 300.00 | 306.00 | 2,043.00 | 2,349.00 | 2,343.00 | 6.00 |
| 04-21279 | Houston | 300.00 | 306.00 | 2,043.00 | 2,349.00 | 2,343.00 | 6.00 |
| 04-21337 | Ozuna | 300.00 | 306.00 | 2,043.00 | 2,349.00 | 2,343.00 | 6.00 |

| Case # | Last Name | Retainer Disclosed | Actual Retainer | Fee Paid by Trustee | Total Paid | Allowed Fee | Amount Overpaid |
|---|---|---|---|---|---|---|---|
| 04-21346 | Gearhart | 300.00 | 306.00 | 2,043.00 | 2,349.00 | 2,343.00 | 6.00 |
| 05-20024 | Charles | 306.00 | 510.00 | 1,960.00 | 2,470.00 | 2,466.00 | 4.00 |
| 05-20041 | Brown | 300.00 | 1,450.00 | 2,160.00 | 3,610.00 | 2,460.00 | 1,150.00 |
| 05-20152 | Segura | 300.00 | 556.00 | 1,960.00 | 2,516.00 | 2,460.00 | 56.00 |
| 05-20233 | Trevino | 300.00 | 306.00 | 2,160.00 | 2,466.00 | 2,460.00 | 6.00 |
| 05-20277 | Balboa | 300.00 | 306.00 | 2,160.00 | 2,466.00 | 2,460.00 | 6.00 |
| 05-20281 | Garcia | 300.00 | 1,657.00 | 2,160.00 | 3,817.00 | 2,460.00 | 1,357.00 |
| 05-20496 | Marshall | 300.00 | 706.00 | 2,160.00 | 2,866.00 | 2,460.00 | 406.00 |
| 05-20507 | Franco | 300.00 | 756.00 | 2,160.00 | 2,916.00 | 2,460.00 | 456.00 |
| 05-20824 | Loya | 906.00 | 1,106.00 | 1,554.00 | 2,660.00 | 2,460.00 | 200.00 |
| 05-21180 | Muniz | 300.00 | 1,106.00 | 1,798.73 | 2,904.73 | 2,460.00 | 444.73 |
| 05-21181 | Infante | 300.00 | 706.00 | 1,902.69 | 2,608.69 | 2,460.00 | 148.69 |
| 06-20400 | Guerra | none | 1,052.00 | 0 | 1,052.00 | none | 1,326.00* |
| 06-20416 | Chambers | none | 1,100.00 | 0 | 1,100.00 | none | 1,374.00* |
| 06-20417 | Garcia Jr. | none | 301.00 | 0 | 301.00 | none | 575.00* |
| 06-20418 | Mungia | none | 1,026.00 | 0 | 1,026.00 | none | 1,026.00 |
| 06-20219 | Gonzalez | 1,011.00 | 1,011.00 | 0 | 1,011.00 | 2,460.00 | 1,011.00 |
| 06-20377 | Ortiz | 1,126.00 | 1,126.00 | 0 | 1,126.00 | 2,460.00 | 1,126.00 |
| Total | | $14,579.00 | 31,266.00 | 52,695.17 | 83,961.17 | 70,660.75 | 19,042.42 |

*Filing fee paid after case dismissed included in total over-payment

After Mr. Monroe completed his audit, the Trustee found additional cases of over-payment as follows:

| Case # | Last Name | Retainer Disclosed | Actual Retainer | Fee Paid by Trustee | Total Paid | Allowed Fee | Amount Overpaid |
|--------|-----------|--------------------|-----------------|---------------------|------------|-------------|-----------------|
| 06-20148 | Mungia | none | 1,106.00 | 0 | 1,295.00 | none | 1,295.00* |
| 06-20480 | Cuestas | none | 700.00 | 0 | 700.00 | none | 700.00 |
| 06-20475 | Mundell | none | 826.00 | 0 | 826.00 | none | 826.00 |
| 06-20474 | Ronje | 800.00 | 800.00 | 0 | 800.00 | 2,460.00 | 800.00 |
| 06-20551 | Ochoa | none | 300.00 | 0 | 300.00 | none | 300.00 |
| Total | | 800.00 | 3,732.00 | 0.00 | 3,921.00 | 2,460.00 | 3,921.00 |

## DISCUSSION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

"The Bankruptcy Code requires a debtor's attorney to report to the court compensation paid or agreed to be paid for services rendered 'in contemplation of or in connection with' the case, 'if such payment or agreement was made after one year before the date of the filing of the petition." *Matter of Prudhomme*, 43 F.3d 100, 1002 (5th Cir. 1995); citing 11 U.S.C. §329(a). " The Code further provides, 'If such compensation exceeds the reasonable value of any such services, the court may ... order the return of any such payment, to the extent excessive." *Id.*; 11 U.S.C. §329(b). Sames did not accurately report the retainer paid to him. The testimony presented at trial indicates that in many cases Sames filed the bankruptcy petition but never paid the filing fee, resulting in case dismissal and a waste of the retainer paid. The evidence further suggests that clients rarely, if ever, met Sames at all in the process of their bankruptcy. Nor were Sames'

clients counseled on the requirements and options available to a debtor in bankruptcy. The Court finds that Sames failed to disclose the retainer he was paid, that it was excessive, and that the entire amount paid to Sames in the 61 cases reviewed by Mr. Monroe and the additional cases reported by the Trustee should therefore be disgorged. The Seventh Circuit Court of Appeals held that "[f]ees obtained as a consequence of a breach of fiduciary obligation, even a nonwillful breach..., may be retained only if, by analogy to claims for quantum meruit, the fiduciary, notwithstanding his breach, conferred a benefit on his principal." *Matter of Taxman Clothing Co*., 49 F.3d 310, 316 (7th Cir. 1995).

"Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure." *Matter of Prudhomme, supra*   at 1003.[1] Moreover, Sames' conduct constitutes fraud or defalcation while acting in a fiduciary capacity because Sames violated his fiduciary duty to his clients by accepting retainers and fees higher than that disclosed to or approved by the Court. The amount actually overpaid, $22,963.42, is the amount attributable to this conduct.

The Court further finds that Sames' conduct constitutes a violation of Rule 9011, F.R.B.P. By failing to  disclose accurately the retainer paid and fees collected, which resulted in

---

1 "See, 11 U.S.C. §§327,1107(a) (requiring court approval before debtor-in-possession may employ counsel); 11 U.S.C. §330(a) (requiring court approval of professional fees); *Woods v. City Nat'l Bank & Trust Co* ., 312 U.S. 262 (1941) (using denial of compensation as tool for strict enforcement of conflict-of-interest rules); *In re Anderson* , 936 F.2d 199, 204 (5th Cir. 1991) (recognizing bankruptcy court's broad discretion as court of equity to grant or deny fees and noting that attorney has no absolute right to fee award absent compliance with the Code and rules); *In re Key Largo Land, Inc* ., 158 B.R. 883, 884 (Bankr. S.D. Fla. 1993) (recognizing that any payment to debtor's attorney, regardless of the source, is reviewable by the bankruptcy court; see also *Matter of Futuronics Corp.* , 655 F.2d 463, 469-71 (2d Cir. 1981) (holding that total denial of compensation is the only appropriate sanction for nondisclosure of all facts bearing upon counsel's eligibility and all connections with debtor, including counsel's retainer agreement), *cert. denied* , 455 U.S. 941; *In re Arlan's Dept Stores, Inc.* , 615 F.2d 925, 937-38 (2d Cir. 1979) (finding no abuse of discretion in court's order of disgorgement of all fees where counsel failed to divulge all connections with debtor and to disclose all fees); *In re Crimson Investments, N.V* ., 109 B.R. 397, 401 (Bankr. D.Ariz. 1989) (redressing counsel's lack of candor in failing to disclose retainers with the only remedy -- immediate turnover of entire retainer to the estate)." *In re Prudhomme* , *supra* at 1003-1004.

collection of fees in excess of the fixed fee application approved by the Court, Sames violated Rule 9011(b), F.R.B.P. Sanctions for violation of Rule 9011 are to be limited to what is sufficient to deter repetition of such conduct. Rule 9011(c)(2), F.R.B.P. Sanctions may include "directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Rule 9011(c)(2), F.R.B.P.  The Court finds that appropriate sanctions for Sames' violation of Rule 9011 are as follows:

1. Disgorgement of all fees paid to Sames by either the Debtors or the Trustee in each case where the attorney filed a false disclosure of compensation form.

2. Disgorgement of all fees paid to Sames by the Debtors in each case filed where no disclosure of compensation form was filed and no fee order was entered by the Court.

3. Immediate withdrawal as counsel of record in each case now pending before this Court.

4. Payment of the auditor fees and expenses incurred by Mr. Monroe.

5. Payment of the Trustee's fees and expenses, subject to application and Court approval..

6. Referral to the District Court for the Southern District of Texas for further disciplinary action.

7. Referral to the State Bar of Texas Grievance Committee for review.[2]

## CONCLUSION

For the reasons set forth above, the Court finds that judgment should be entered against W.J. Sames.

---

[2] The Court notes that testimony elicited at trial suggests other violations of attorney ethics, such as improper solicitation, which should be reviewed by the State Bar. Such conduct, while not the subject of this hearing, does not weigh in favor of latitude towards Sames' .

It is therefore ORDERED that the Trustee's Disgorgement Motion is hereby GRANTED.

It is further ORDERED that W.J. Sames shall disgorge the sum of $22, 963.42, as damages for fraud or defalcation while acting in a fiduciary capacity.

It is further ORDERED that W.J. Sames shall disgorge the additional sum of $98,128.13, for failure to disclose pursuant to 11 U.S.C. §329 and as sanctions for violation of Rule 9011, F.R.C.P.

It is further ORDERED that W.J. Sames shall pay Mr. Monroe's professional fees in the amount of $9,809.20, as further sanctions for violation of Rule 9011, F.R.B.P.

It is further ORDERED that the Trustee shall withhold all payments of attorneys fees to W.J. Sames and shall use the fees to first pay the professional fees and expenses of Mr. Monroe and thereafter shall distribute the fees to the pending cases listed herein on a pro rata of over-payment basis.

SIGNED 12/15/2006.

RICHARD S SCHMIDT
United States Bankruptcy Judge